# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA H. DEBAUN, | Case No. 1:18-cv-01708-NONE-SAB |
| Plaintiff, | ORDER DENYING JOINT STIPULATION TO STAY PROCEEDINGS TO FACILITATE SETTLEMENT |
| v. | |
| BIOMET INC., | (ECF No. 154) |
| Defendant. | Deadline: March 4, 2020 |

This matter was transferred to this Court on December 17, 2018. (ECF No. 133.) On March 6, 2019, the scheduling order issued pretrial and trial dates. (ECF No. 142.) On February 14, 2020, the parties filed a stipulation to stay these proceedings to facilitate settlement. In the stipulation, the parties state that they are close to settling this matter and would like to stay the filing of pretrial motions. If the court declines to stay the proceedings, the parties seek a six month extension of the expert discovery and motion deadlines to August 14, 2020. The parties also request to extend the pretrial conference and trial dates by six months

Pursuant to the amended pretrial order, expert discovery in this action closed on January 24, 2020.[1] (ECF No. 146.) The March 6, 2019 scheduling order advised the parties that "**due to the impacted nature of civil cases on the district judges in the Eastern District of**

---

[1] The Court notes that the September 11, 2019 order amending the scheduling order incorrectly set the date as January 24, 2019.

1

1 **California, Fresno Division, that stipulations to continue set dates are disfavored and will**
2 **not be granted absent good cause.**" (ECF No. 142 at 7 (emphasis in original).) Further the
3 September 11, 2019 and November 18, 2019 amended scheduling orders informed the parties
4 that no further modifications of the scheduling order would be granted absent a showing of good
5 cause. (ECF Nos. 144, 146.)

The Rule 16 scheduling order and the timetable it establishes are binding and cannot be extended by party stipulation without the court's approval. Scheduling Conferences and Orders, 6A Fed. Prac. & Proc. Civ. § 1522.1 (3d ed.) Amendment of a scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b). In determining if good cause exists, the court is to consider the diligence of the party seeking amendment and the pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

Where the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). To allow a modification of the scheduling order without good cause would render scheduling orders essentially meaningless, and directly interferes with courts' attempts to manage their dockets and with the standard course of litigation in actions. Johnson, 975 F.2d at 610 ("A scheduling order is not a frivolous piece of paper, idly entered . . . ." (internal quotations and citation omitted)).

Here, this action has been proceeding since 2015, and discovery in this court opened on March 19, 2019, with two stipulations for extensions of the deadlines being granted. The pretrial conference is set for April 8, 2020, with a jury trial set to commence on June 2, 2020. (ECF No. 142.) On February 3, 2020, a Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California issued informing the parties that trial are currently set through the end of 2021 and no new trials would be set. Therefore, if the trial in this action is vacated it is unlikely that a trial in this action would proceed prior to 2022.

The parties filed their stipulation on the deadline for dispositive motions to be filed and have failed to show good cause to reopen the deadlines that have expired prior to the stipulation

2

being filed.  Accordingly, the Court shall grant a brief extension of time for the parties to file dispositive motions.  The stipulation shall be otherwise denied.

Based on the foregoing, IT IS HEREBY ORDERED that the stipulation to stay the proceedings to facilitate settlement is GRANTED IN PART and the deadline to file dispositive motions is extended to **March 4, 2020**.

IT IS SO ORDERED.

Dated: __**February 18, 2020**__

_____
UNITED STATES MAGISTRATE JUDGE